# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 2, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

140704 & (92)(93)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

REGINALD LENOIR LEWIS,
        Defendant-Appellant.
_____/

SC: 140704
COA: 274508
Wayne CC: 06-006502-01

      By order of February 4, 2011, the application for leave to appeal the January 12, 2010 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Bryant*, 483 Mich 132 (2009), cert gtd 559 US ___; 130 S Ct 1685; 176 L Ed 2d 179 (2010). On order of the Court, the case having been decided on April 18, 2011, *Michigan v Bryant*, 562 US ___; 131 S Ct 1143; 179 L Ed 2d 93 (2011), the application is again considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we AFFIRM the result reached by the Court of Appeals, but VACATE that part of the Court of Appeals opinion holding that the autopsy report was not testimonial and, therefore, that its admission did not violate the defendant's Sixth Amendment right to be confronted with the witnesses against him. In particular, we disagree with the Court of Appeals' reliance on MRE 803(8) and its determination that the autopsy report was not prepared in anticipation of litigation, see *Bullcoming v New Mexico*, 564 US __; 131 S Ct 2705; 180 L Ed 2d 610 (2011). Nonetheless, we agree that the admission of the report was not outcome determinative. The motions to file supplemental authority are GRANTED.

      MARILYN KELLY, J. (*concurring*).

      I concur in the Court's order vacating part of the Court of Appeals published opinion and affirming defendant's conviction. I do so because I believe that at least some portions of the Court of Appeals analysis of the Confrontation Clause issue presented are clearly erroneous.

      However, I concur only with great reluctance because I would prefer to grant leave to appeal. The Court should consider whether admission of the contents of an autopsy report through testimony of a medical examiner who did not prepare the report

constitutes inadmissible testimonial hearsay.  This is a jurisprudentially significant question that has divided courts across the country.[1]  Hearing oral argument would allow the Court to determine to what extent the Court of Appeals erred and to explicitly decide the constitutional question presented.  I note that, by vacating the Court of Appeals Confrontation Clause analysis and affirming on alternate grounds, we are *not* deciding whether the autopsy report constituted testimonial hearsay evidence.

---

[1]  Compare *Wood v State*, 299 SW3d 200 (Tex App, 2009) (finding a Confrontation Clause violation); *State v Locklear*, 363 NC 438 (2009) (same) with *Lewis (On Remand)*, 287 Mich App 356 (2009) (opinion below) (admission of autopsy report prepared by nontestifying medical examiner did not violate Confrontation Clause); *People v Hall*, 923 NYS 2d 428, 430 (NY AD 1, 2011) (noting that *Melendez-Diaz* did not explicitly hold that autopsy reports are testimonial).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 2, 2011

_____
Clerk

p1129